## Wallace et al. v. Wallace's Adm'x et al.

(Decided Dec. 8, 1936.)

A. F. BYRD and IKE WALLACE for appellants.

STOLL, MUIR, TOWNSEND & PARK and R. J. DENNY for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Joseph Wallace died testate a resident of Jessamine county, Ky., on the 21st day of December, 1929. His will reads as follows:

"Will of Joseph Wallace

"Oct 1 1926

"This Be my Will I leave all my property to

my wife Lillia Wallace all my land for use her life time after my debt are paid

"Joseph Wallace

"I have advanced Ike Wallace Six $6000.00 thousand dollars Ray Wallace ten 10.00 thousand Dollars Tom Wallace Eight Thousand Dollars

"Joseph Wallace"

He left surviving him his widow, Lillian Wallace, and three sons, Tom Wallace, Ike Wallace, and Ray Wallace, and two daughters, Kathleen Wallace Jennette and Lillian Wallace Staten; the latter having died since the death of the testator, leaving surviving her her husband, H. E. Staten, and two infant children, Harry Staten and Marjorie Staten. Soon after the death of the testator, Lillian Wallace qualified as administratrix with the will annexed of the estate of the decedent, and in the course of the settlement of the estate a controversy arose between the administratrix and Ike Wallace as to the proper construction of the will; and Lillian Wallace, suing as administratrix of the estate and in her individual right, brought this suit in the Jessamine circuit court asking for a declaration of rights of the parties and for a construction of the will, naming as defendants all the above-named heirs at law of the testator. She set out her interpretation or construction of the will and asked that it be construed as devising to her (1) all the personal estate and tangible property of the decedent absolutely and free from any indebtedness; (2) that she have the use and income from the landed estate of the decedent during her lifetime; (3) that decedent's indebtedness which consisted of $15,000 to the Mutual Benefit Life Insurance Company of Newark, N. J., be a charge upon the lands only of the decedent and the interest on the indebtedness be paid from the income from the real estate, and that it finally be paid off by a sale of a sufficient part of the real estate to satisfy said indebtedness; and (4) that the three sons be charged with the advancements set out in the will. She further set out other facts relating to the indebtedness of her decedent and the mode of settlement of the estate, but since the question of construction of the will only is before us on this appeal, it becomes unnecessary for us to discuss or consider other questions.

All the children and heirs at law of the decedent,

except Tom Wallace and Ike Wallace, filed their respective answers in which they conceded that the construction placed on the will by the plaintiff is the proper one and joined in the prayer of her petition to have the will so construed.

Ike Wallace and his wife, Ina Wallace, filed their separate answers and counter-claim denying, among other things, that the will should be construed as contended for by the plaintiff and alleged that it was the intention of the decedent to devise to the plaintiff a life interest in and to all his property, real and personal, after the payment of his indebtedness, and that she should take nothing under the will until the debts are paid, and prayed that the will be so construed as to devise to Lillian Wallace a life interest in the real and personal property after the payment of his debts. Tom Wallace filed his separate answer denying that the will should be construed as contended for by the plaintiff and asked that it be so construed that she as administratrix, be required to first satisfy and discharge the debts against the estate of the decedent out of the personal estate, and in the event the personal estate is insufficient to satisfy the debts in full, that she then sell and dispose of a sufficiency of the real estate to discharge the remainder of the indebtedness, and that she thereafter have a life interest in the real estate devised by the testator or so much thereof as may remain after all indebtedness of decedent is paid.

The issues were made, and the plaintiff gave her depositions and also took the depositions of other witnesses, but none of which appears to give any light on the construction of the will, except so far as it may relate to the advancements mentioned in the will.

The cause was submitted upon the issues of the construction of the will, and on November 14, 1933, the court entered judgment, adjudging:

"That Lilla Wallace, the wife of Joseph Wallace, took under his said last Will an absolute estate in all of the personal estate of the said Joseph Wallace, deceased, subject however, to the payment of any and all indebtedness of $15,000.00 due the Mutual Benefit Life Insurance Company, which debt was secured by a lien upon his farm of 316 acres.

"2. That said Lilla Wallace, wife of Joseph Wallace, took under his said last Will and Testament a life estate in all of the real property of said Joseph Wallace, and is entitled to the use. and income from said real estate during her lifetime, said real estate however being subject to the payment of any. remaining indebtedness of the said Joseph Wallace after his personal estate has been applied to the payment of his said indebtedness."

It was further adjudged that the three sons be charged with the advancements set out in the will and that the plaintiff make and file her report of her actions as administratrix showing receipts and disbursements of decedent's personal estate and any claims or indebtedness of the estate, to which judgment all the parties, plaintiffs and defendants, excepted and prayed an appeal to the Court of Appeals, which was granted.

After the above judgment was entered, the administratrix filed her report of settlement, and on March 12, 1934, the appellants moved the court to refer the report of settlement to the master commissioner to make settlement with the administratrix, and on the 14th day of March, 1934, the court sustained the motion and the matter was referred to the commissioner. The commissioner made his report and exceptions were filed thereto and many other steps were taken in relation to the settlement of the estate, but no final judgment was entered in reference thereto, and that branch of the case is still pending in the circuit court.

No appeal was prosecuted, however, until November 9, 1935, when the appellants Ike Wallace and Tom Wallace filed the record with this court and asked for an appeal which was granted, but the appellees, plaintiffs' below, have prosecuted no cross-appeal, and are now insisting that the appeal prosecuted by the appellants should be dismissed because the action was brought under the Declaratory Judgment Act (section 639a—1 et seq. of the Civil Code of Practice), for a declaration of rights of the parties, and under the provisions of the Code any appeal taken therefrom should have been prosecuted within 60 days from the entry of the judgment. However, appellants insist that the action was brought under the general law for a construction of the will and that their appeal was prosecuted in time.

The petition is somewhat confusing. It alleges that ''plaintiff brings this action in equity under the general law and also under and pursuant to what is known as the Declaratory Judgment Law * * * '' But since the case may be properly disposed of without determining the question of whether it is an action solely upon the Declaratory Judgment Act, or under the general law for a construction of the will, we need not discuss that question. As noted above, appellees have prosecuted no cross-appeal, and have briefed the case solely upon the motion to dismiss the appeal for reasons stated above, but they are raising no question about the propriety of the judgment construing the will. The appellants have briefed the case mainly on the question of the settlement of the estate, which, as we have already stated, is not before the court. Thus it appears that there is but little controversy between the parties as to the correctness of the chancellor's judgment construing the will. It is conceded in brief for appellants that in the final settlement of the estate the three sons should be charged with the advancements set out in the will; nor is there any dispute that Lillian Wallace took a life estate only in the land. The only controversy between the parties seems to be whether or not the will devised to Lillian Wallace the personal property absolutely, or whether it is subject to the testator's indebtedness as well as the real estate.

The language used in the will is somewhat inapt and ungrammatical, but it is not so ambiguous as to create any reasonable doubt as to the intention of the testator. It is reasonably clear from the language used that he intended to devise his property, real and personal, to his wife after his debts were paid but limited her interest in the land to a life estate. The words ''after my debts are paid'' are not restricted to the land only, but apply to the personal property also. The confusion seems to lie in the fact that the above-quoted words are at the last of the sentence instead of at the beginning. The entire sentence might be thus transposed without changing the meaning or intention of the testator:

> ''After my debts are paid I leave all my property to my wife, Lillian Wallace, but that she have the use of my land her lifetime.''

The testator having failed to exempt or relieve the personal property of the burden of indebtedness, it follows as a matter of law that it must first be applied to the indebtedness before subjecting the real estate. However, if the personal property should be more than sufficient to satisfy the whole of the indebtedness, the residue will vest in Lillian Wallace absolutely.

It follows from what has been said that the judgment of the chancellor is correct.

The judgment is affirmed.